Filed 6/29/26  Sassoon v. D'Amato CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| SOLOMON ARON SASSOON, | B345307 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 24STRO03892) |
| v. | |
| ANTHONY D'AMATO, JR., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Melanie Ochoa, Judge.  Affirmed.

Tamer Law Corp. and Steven Michael Tamer for Defendant and Appellant.

David Marco Weber for Plaintiff and Respondent.

_____

Solomon Aron Sassoon obtained a two-year restraining order protecting Sassoon, his parents, and his siblings from Anthony D'Amato, Jr. About a month after the court issued the restraining order, D'Amato sought to vacate it on the ground that Sassoon did not properly serve him with the restraining order petition. The trial court denied D'Amato's motion, finding that service was proper and D'Amato lacked credibility when he denied receiving service.

On appeal, D'Amato repeats his argument that Sassoon did not serve him with the petition for a restraining order. D'Amato's argument fails to apply the relevant statute, Code of Civil Procedure section 527.6, subdivision (m), which permits alternate service of a petition for a civil restraining order, temporary restraining order, and notice of hearing of the petition when, as here, the defendant was attempting to evade service.[1] Relying on the premise he was not properly served, D'Amato cites sections 473, subdivisions (b) and (d) and 473.5 to argue that the trial court had to grant his motion to set aside the restraining order. Because his premise is incorrect, the remainder of D'Amato's arguments fail. D'Amato also attempts to raise evidentiary issues for the first time on appeal. We do not consider these issues because he failed to raise them below and thus has failed to preserve them for our review. We affirm.

---

[1] Undesignated statutory citations are to the Code of Civil Procedure.

## BACKGROUND

### 1.  *Sassoon requests a civil harassment restraining order*

On June 4, 2024, Sassoon petitioned for a civil harassment restraining order seeking protection from Anthony D'Amato, Jr.[2] Sassoon also sought to protect his parents and siblings. Specifically Sassoon requested the court order D'Amato to "[s]top posting comments about me, my mother, my family work places, names and places associated with their work and locations, stop calling CPS and 911 to harass me and my family, stop threating to rape my mother, not to threaten to have someone else to follow me or my family members, not to talk about my family on his social media."  Sassoon represented that D'Amato drove by him on May 31, 2024 and made recent threats on D'Amato's YouTube channel.

On the same day, the court granted a temporary restraining order prohibiting D'Amato from harassing or contacting Sassoon or his parents and siblings.

### 2.  *The court permits Sassoon to use alternate service pursuant to Code of Civil Procedure section 527, subdivision (m)(2)*

On July 15, 2024, Sassoon's registered process server, Sarah Linn, filed a declaration of due diligence and a request for alternate service.  Linn declared she had been serving documents since 1985.  She had access to a search platform available to

---

[2] Sassoon's mother represented him as a guardian ad litem in the trial court.

registered process servers and she used it to locate D'Amato at a residence in Woodland Hills.

On July 10, 2024, Linn tried to serve D'Amato at that residence; she rang the doorbell and received no response. On July 11, 2024, Linn heard D'Amato on his YouTube Channel live stream to 7.8 thousand people and mention the temporary restraining order and his efforts to avoid service. D'Amato stated, " '[T]hey will never serve me, what have they got an old address from 3-5 years ago?' " In "Live Chatter,"[3] D'Amato stated, "[H]e does not accept e-service and [n]o they cannot serve me by publication."

On July 11, 2024, Linn made a second service attempt at the Woodland Hills residence. She learned D'Amato no longer lived there. On July 12, 2024, Linn attempted to serve D'Amato at a location she believed was D'Amato's mother's address but learned that address was no longer current.

Exhibits attached to Linn's declaration showed a screenshot from ZeroDarkTony[4] stating, "Btw I will never show up in court. [¶] I don't have to[.] [¶] It will be dismissed after my lawyer files a motion. [¶] I already have the case number and doc images[.] [¶] 24STR0****[.] [¶] They filled out the document without putting my address in, so I will call my attorney and we will take appropriate steps."

---

[3] The record does not indicate what "Live Chatter" is.

[4] Linn represented that D'Amato is known as "ZeroDarkTony" on the YouTube Channel. According to Linn, ZeroDarkTony is D'Amato's pseudonym.

Linn obtained two other addresses for D'Amato but one was a "torn down former USPS Station" and the other, a "Commercial Mail Receiving Agency."

Another screen shot attached to Linn's declaration from ZeroDarkTony states, "WILLIAM has less than 24 hours to serve these retaliatory and perjurious papers. Best thing you can do is throw them in the garbage OR, there will be civil filings against Solomon's mother and her homeowners [*sic*] insurance that covers Solomon and we have more than enough evidence." (The reference to William is unclear.)

Still another screen shot from ZeroDarkTony states, "I don't know what planet these Reddit legal eagles live on but even if these smooth brains do eventually serve me this will be dismissed."

There were videos attached to Linn's declaration that are not included in our record on appeal. According to an attachment to Linn's declaration, the videos showed D'Amato speaking about Linn "serving him."

On July 19, 2024, the court authorized service of the petition for a restraining order, notice of court hearing, and temporary restraining order by posting on D'Amato's YouTube channel or on his Twitter account.

### 3.   *July 25, 2024 proof of service*

Process server Linn declared under penalty of perjury that she served the request for civil harassment order, temporary restraining order, and notice of hearing on July 19, 2024. She served D'Amato through his X account (formerly Twitter) and at his X address @ZeroDarkTony. She also e-mailed the request for civil harassment to D'Amato's e-mail ZDTmustDie@gmail.com.

5

According to Linn, "[A]fter service DEFENDANT posted [a] remark acknowledging service of the Civil Harassment Order."

On August 5, 2024, Linn filed another declaration. According to Linn, after serving D'Amato via his X account, D'Amato had been "streaming hours of" threats against the judge, the process server, Sassoon, and his mother.  Linn represented additional video showed D'Amato acknowledging sending Los Angeles Police and fire personnel to Sassoon's home.  D'Amato also stated in the video that "no courtroom will ever see me."  (Boldface & italics omitted.)

The proof of service indicated Linn served D'Amato via his X account at his X address @ZeroDarkTony on July 19, 2024.

**4.** ***After a hearing, the court issues a two-year civil harassment order***

On August 16, 2024, the trial court ordered for a period of two years D'Amato must not harass, intimidate, molest, attack, strike, stalk, threaten, assault (sexually or otherwise), hit[,] abuse, destroy personal property of, or disturb the peace of the person."  The order prohibited D'Amato from contacting Sassoon or his parents and siblings or making false calls to law enforcement or first responders or discussing them on his YouTube channel.  The court further ordered D'Amato stay 100 yards away from the protected persons' home, workplace, vehicle, or school.

On August 18, 2024, Linn served the final restraining order on D'Amato through his X account, by "private message," and by posting a message on D'Amato's e-mail account at ZDTmustDie@gmail.com.

6

**5.** ***D'Amato moved to set aside the civil harassment order***

On September 3, 2024, D'Amato moved to set aside a "default" and "default judgment." D'Amato asserted he did not receive service of the petition for a restraining order and that he could not have been served by Twitter because he blocked Sassoon from his Twitter account. D'Amato requested relief pursuant to sections 473, subdivision (b) and 473.5. The memorandum of points and authorities in support of his motion also referred to section 473, subdivision (d).

In the memorandum of points and authorities, D'Amato's attorney "admitted fault" and indicated a "responsive pleading" was attached. Counsel stated, "Defendant's Attorney has admitted his mistakes which occurred during the ransomware attacks on the LASC Website and Attorney Portal." No responsive pleading was attached and there was no declaration from D'Amato's attorney admitting fault or explaining the relevance of the "ransomware attacks."

In his memorandum of points and authorities, D'Amato also argued, "Twitter is not a means of proper service" and he blocked Sassoon from his Twitter account. His argument that Twitter is not a proper means of service did not include any citation to, or analysis of section 527, subdivision (m)(2).

In a declaration, D'Amato represented he was never served with the request for a restraining order. He stated, "I was surprised that my default was taken because I had never been served with the Request for Restraining Order in the instant matter. My default was not taken due to my avoiding service or inexcusable neglect." D'Amato added that he had an unidentified, meritorious defense. In another declaration,

7

D'Amato averred, "Petitioner's Proof of Service indicates service was accomplished by Twitter. More than six (6) months ago, I blocked Petitioner from my Twitter account. So, Petitioner is unable to send me any messages, or contact me by any means whatsoever, when using Twitter." D'Amato did not deny that his e-mail was ZDTmustDie@gmail.com or that his X address was @ZeroDarkTony.

**6.** ***Hearing on D'Amato's motion to vacate the restraining order***

The trial court held a hearing on D'Amato's request to vacate the civil restraining order. D'Amato's counsel argued a restraining order cannot be served by social media. D'Amato's counsel did not reference section 527, subdivision (m).

The court rejected that argument because D'Amato's authority predated the enactment of section 527, subdivision (m). The court explained it granted alternate service because "[a]t the time that the request was made, Mr. D'Amato had already . . . stated on his own Twitter account that he would never show up in court and his attorney was going to get it dismissed. He even posted the case number and said that he had the document images. [¶] And Mr. Sassoon went through extensive attempts to find a physical address for the respondent and attempted service at those addresses. . . . [T]here was evidence also presented that the respondent stated on his YouTube c[hannel] that petitioner had an old address and that was not his current address and he was not going to get served."

The court further explained alternate service was reasonably calculated to provide notice because it was made on the same social media channels D'Amato used to harass Sassoon. The court found the evidence showed D'Amato "being well aware

of this case existing and affirmatively choosing not to participate despite having been served [by] methods that were authorized by the court."

Counsel for D'Amato stated D'Amato blocked the process server from posting to his Twitter account and therefore did not receive anything from the process server. When the court asked D'Amato at the hearing for the name of the process server he blocked, D'Amato said, "I don't know specifically the name . . . ."

The court found, "Mr. D'Amato not only had notice of this proceeding before he was even served in the manner authorized on social media, but he specifically stated he would not participate in the proceedings." "I do not find Mr. D'Amato's testimony credible that he had preemptively blocked this paid process server from communicating with him online . . . ." "[T]here's also statements made by Mr. D'Amato immediately after the time in which he was served referring to the— proceeding."

The court denied D'Amato's motion to set aside the restraining order.

## DISCUSSION

On appeal, D'Amato argues pursuant to sections 473, subdivisions (b) and (d) and 473.5 that the court had to set aside the civil harassment order. His arguments on appeal rely on the premise that he was not properly served, a premise we reject. D'Amato also raises evidentiary objections that we do not consider because he has not demonstrated he preserved them for our review.

9

## A.  Service Pursuant to Section 527.6, Subdivision (m) Was Proper

Section 527.6 governs civil harassment orders.  Subdivision (m) provides:  "(1)  Except as provided in paragraph (2), upon the filing of a petition under this section, the respondent shall be personally served with a copy of the petition, temporary restraining order, if any, and notice of hearing of the petition.  Service shall be made at least five days before the hearing.  The court may for good cause, on motion of the petitioner or on its own motion, shorten the time for service on the respondent.  [¶] (2)  If the court determines at the hearing that, after a diligent effort, the petitioner has been unable to accomplish personal service, and that there is reason to believe that the respondent is evading service or cannot be located, then the court may specify another method of service that is reasonably calculated to give actual notice to the respondent and may prescribe the manner in which proof of service shall be made."

We review for substantial evidence the trial court's finding that Sassoon made a diligent effort to locate and serve D'Amato.  (*Yu v. Pozniak-Rice* (2025) 112 Cal.App.5th 1135, 1143.)  We consider whether the record contains "declarations stating 'probative facts' [citation] based on personal knowledge and demonstrating a thorough investigation designed to learn the respondent's whereabouts."  (*Id*. at p. 1144.)  When we review the factual basis of a trial court's order for substantial evidence, "findings of fact are liberally construed to support the judgment or order and we consider the evidence in the light most favorable to the prevailing party, drawing all reasonable inferences in support of the findings.  [Citation.]  . . .  'It is not our role as a reviewing court to reweigh the evidence or to assess witness

10

credibility.  [Citation.] . . . .' [Citation.]" (*Powell v. Tagami* (2018) 26 Cal.App.5th 219, 231.)

D'Amato has forfeited his challenge to the sufficiency of the evidence.  He failed to summarize the evidence in the light most favorable to Sassoon.  A challenge to the sufficiency of the evidence requires the appellant to summarize the evidence in the light most favorable to the judgment. (*Boeken v. Philip Morris, Inc.* (2005) 127 Cal.App.4th 1640, 1667.)

Even were we to reach the merits, substantial evidence shows Sassoon made a diligent effort to locate and serve D'Amato prior to the court's order permitting alternative service.  Linn's declaration evidences a thorough investigation designed to learn D'Amato's whereabouts, including resort to platform available to registered process servers.  Linn located D'Amato's last known address, went there twice, and tried to serve him at the address of his mother's house.  There was also substantial evidence D'Amato was trying to avoid service, including by his boasting he could not be found.

D'Amato asserts, "[T]here was no evidence that all reasonable methods of personal or substitute service had been exhausted before resorting" to alternate service under section 527, subdivision (m).  The statute requires "a diligent effort" not the "exhaust[ion]" of all reasonable methods.  (§ 527.6, subd. (m)(2)).

Finally, D'Amato asserts, without citation to the record, "[a]uthorizing service by posting on YouTube and Twitter failed to ensure notice 'reasonably calculated' to apprise Appellant, and the record shows [he] disputed receipt."  Although in his declaration D'Amato disputed receipt of service, this court does not reweigh credibility. (*Johnson v. Pratt & Whitney*

*Canada, Inc.* (1994) 28 Cal.App.4th 613, 622 [appellate courts "do not reweigh evidence or reassess the credibility of witnesses"].)  The trial court found that the alternate service provided actual notice.  The court expressly rejected D'Amato's credibility when he asserted he had blocked the process server from his X (formerly Twitter) account.  The record supports the trial court's finding that D'Amato received actual notice given Linn attached to her declarations D'Amato's posts referring to the lawsuit.  Additionally, after service, D'Amato threatened the process server, supporting the inference that he was aware of the service.  D'Amato's regular use of X as shown by attachments to Linn's declarations supports the conclusion that service at his X account was reasonably calculated to apprise D'Amato of Sassoon's request for a restraining order.

## B.     D'Amato Does Not Show He Was Entitled to Relief Pursuant to Section 473, Subdivision (b)

D'Amato argues that the trial court was required to set aside the default under section 473, subdivision (b).  That statute allows a trial court to "upon any terms as may be just, relieve a party or the party's legal representative from a judgment, dismissal, order, or other proceeding taken against the party through the party's mistake, inadvertence, surprise, or excusable neglect."  The statute requires "[a]pplication for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted . . . ."  (§ 473, subd. (b).)

Given that this case does not involve a default judgment, we assume D'Amato is arguing the trial court was required to set aside the civil harassment order.  According to D'Amato, he "demonstrated surprise."  D'Amato's statement that he was

12

surprised ignores the trial court's express findings. To repeat, the court found, "Mr. D'Amato not only had notice of this proceeding before he was even served in the manner authorized on social media, but he specifically stated he would not participate in the proceedings." "[T]here's also statements made by Mr. D'Amato immediately after the time in which he was served referring to the — proceeding." This court does not reweigh the trial court's credibility determinations. (*Johnson v. Pratt & Whitney Canada, Inc.*, *supra*, 28 Cal.App.4th at p. 622 [appellate courts "do not reweigh evidence or reassess the credibility of witnesses"].)

Second, under section 473, subdivision (b) D'Amato's failure to file a responsive pleading requires that his motion "shall not be granted." (§ 473, subd. (b).) For this additional reason, D'Amato has failed to demonstrate error.

## C. D'Amato Does Not Show He Was Entitled to Relief Pursuant to Section 473, Subdivision (d)

Section 473, subdivision (d) provides: "The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed, and may, on motion of either party after notice to the other party, set aside any void judgment or order." D'Amato argues pursuant to Code of Civil Procedure section 473, subdivision (d) that the trial court should have set aside the default judgment because it was void for improper service.

As we have explained, *ante*, there was no default judgment and the request for a civil restraining order, temporary restraining order and, notice of the hearing were properly served

13

pursuant to section 527, subdivision (m).  (See Discussion, part A, *ante*.)

## D.  D'Amato Does Not Show He Was Entitled to Relief Pursuant to Code of Civil Procedure Section 473.5

D'Amato argues because he stated in a declaration that he had no actual notice of the proceedings, the trial court should have set aside the default pursuant to section 473.5. Section 473.5 provides in pertinent part:  "(a) When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against the party in the action, the party may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action."  (§ 473.5, subd. (a).)

"(c)  Upon a finding by the court that the motion was made within the period permitted by subdivision (a) and that the party's lack of actual notice in time to defend the action was not caused by the party's avoidance of service or inexcusable neglect, it may set aside the default or default judgment on whatever terms as may be just and allow the party to defend the action."  (§ 473.5, subd. (c).)

D'Amato's reliance on section 473.5 is misplaced.  First, he cites no authority that this statute applies to a civil harassment order notwithstanding subdivision (a) references only to a default or default judgment.  Second, the trial court expressly found D'Amato had actual notice and was attempting to avoid service. D'Amato's assertion that "[t]he trial court failed to properly weigh the evidence and determine whether Appellant's lack of actual notice was due to avoidance of service or inexcusable neglect" cannot be reconciled with the trial court's express findings.

14

### E. D'Amato Has Not Preserved His Evidentiary Challenges

D'Amato argues on appeal the trial court "erred in accepting and relying on testimony from petitioner and his guardian ad litem regarding service without requiring proper authentication or foundation." (Boldface & capitalization omitted.) D'Amato also asserts the process server's "conclusions about his awareness of the proceedings" were not based on personal knowledge. "It is well settled by statute and case authority that the failure to object, even to otherwise inadmissible evidence, waives the defect." (*Haskell v. Carli* (1987) 195 Cal.App.3d 124, 129; see *Orozco v. WPV San Jose, LLC* (2019) 36 Cal.App.5th 375, 397 [" '[i]t is hornbook law that a timely and specific objection is required to prevent the consideration of certain evidence' "].) Evidence Code section 353 prevents setting aside a decision based on the erroneous admission of evidence unless "[t]here appears of record an objection to or a motion to exclude or to strike the evidence that was timely made and so stated as to make clear the specific ground of the objection or motion . . . ." (Evid. Code, § 353, subd. (a).) There was no such objection here.

## DISPOSITION

The order denying Anthony D'Amato, Jr.'s motion to vacate the civil restraining order is affirmed. Solomon Aron Sassoon is entitled to costs on appeal.

NOT TO BE PUBLISHED.


BENDIX, J.


We concur:


ROTHSCHILD, P. J.


M. KIM, J.